**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT R. OLESON,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>BUREAU OF PRISONS, et al.,<br><br>　　　　　Defendants. | Civil No. 09-5706 (NLH)<br><br><br>**OPINION** |

**APPEARANCES**:

　　ROBERT R. OLESON, #07729-051, Plaintiff <u>pro se</u>
　　FCI Fort Dix
　　P.O. Box 2000
　　Fort Dix, New Jersey  08640

**HILLMAN**, District Judge

　　Plaintiff Robert R. Oleson, a prisoner who is confined at FCI Fort Dix, seeks to file a Complaint without prepayment of the filing fee, pursuant to 28 U.S.C. § 1915. This Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> and, for the reasons explained below, dismiss the Complaint without prejudice for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997(e)(a).

## I.　BACKGROUND

　　Plaintiff asserts the following facts, which this Court will regard as true for the purposes of this review. <u>See</u> <u>Stevenson v. Carroll</u>, 495 F. 3d 62, 66 (3d Cir. 2007). Plaintiff asserts that, as a result of a stroke that occurred several years ago,

Plaintiff has limited use of his legs and requires a wheelchair. Plaintiff alleges that he is assigned to the "handicapped room," but the area contains only one handicapped accessible toilet, which is not sufficient for 12 inmates assigned to the handicapped room.  Plaintiff further asserts that in July 2009, he informed the Health Services Administrator, a doctor on the Unit, and counselors Silver and Thompson, that the tires on his wheelchair were worn down to the rims, the frame of the wheelchair had cracked, and the right foot board had broken off. Plaintiff asked these officials to replace the wheelchair, but he was told that no replacement was available.  In addition, Plaintiff submitted BP-9 inmate remedy requests seeking a new wheelchair and seeking to be relocated to building 5811. Plaintiff states the he requested relocation because the offices of Unit Team members for inmates in building 5811 are located on the first floor, but the offices for his own Unit Team members are located on the second floor and, because there is no elevator, Plaintiff has limited access to his Unit Team.

   Plaintiff states that on August 17, 2009, counselor Thompson entered Plaintiff's living area and removed plaintiff's shower shoes (which protect his feet from germs), his blanket, eye glasses and legal papers.  Plaintiff asserts that, although Plaintiff submitted a BP-9 administrative remedy request and

complained to the supervisor, these items have not been returned to him.

Plaintiff asserts that on October 6, 2009, during a meeting with his Unit Team, counselor Brown informed Plaintiff that she had deleted everyone from his visitor list, in accordance with a program statement.  Plaintiff submitted a BP-9 inmate remedy request asking for a copy of the program statement, and Brown responded that it was available in the library.

Plaintiff alleges that on August 24, 2009, as Plaintiff was entering the dining hall, Lt. Scarborough informed Plaintiff that handicapped inmates would have to wait in line outside the dining hall until he gave the signal, like everyone else, even if it is raining outside.  Plaintiff believes this procedure is dangerous because the wheelchair is metal and he fears being struck by lightning.  Nevertheless, Plaintiff alleges that on several occasions, officials ordered him to wait outside in the rain prior to entering the dining hall.

For relief, Plaintiff "would like this Court to award [him] compensatory damages in the amount of five hundred thousand dollars ($500,000.00) and five million ($5,000,000.00) in punitive damages, plus all court costs and attorneys fees." (Docket entry #1 at p. 7.)

## II.  DISCUSSION

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), contains an administrative exhaustion requirement for prisoners seeking relief for prison conditions.  The statute provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007); see also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory"); Booth v. Churner, 532 U.S. 731, 734 (2001) (prisoners must exhaust available administrative remedies, even where the relief sought cannot be granted in the administrative process).  The exhaustion requirement of the PLRA applies to Bivens claims brought by federal inmates.  See Nyhuis v. Reno, 204 F. 3d 65, 69 (3d Cir. 2000).  District courts are authorized to sua sponte dismiss inmate complaints pursuant to 42 U.S.C. § 1997e(a) when the failure to exhaust administrative

4

remedies is apparent from the face of the complaint.[1]  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself."  Jones v. Bock, 549 U.S. at 218 (citation and internal quotation marks omitted).

The Administrative Remedy Program of the Bureau of Prisons ("BOP") is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement."  28 C.F.R. § 542.10(a).  The regulations state that "[a]n inmate may obtain

---

[1] See Jones v. Bock, 549 U.S. 199, 215 (2007) (while exhaustion under § 1997e(a) is an affirmative defense rather than a pleading requirement, "that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim . . . .  Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract); Cosgrove v. Cappachella, 2009 WL 781324 (3d Cir. Mar. 26, 2009) (affirming sua sponte dismissal of prisoner complaint for failure to exhaust based on face of pleading); Pena-Ruiz v. Solorzano, 281 Fed. App'x 110, 112 n.3 (3d Cir. 2008) ("Although failure to exhaust administrative remedies is generally an affirmative defense to be pleaded by the defendant, we have recognized that a district court has the inherent power to dismiss sua sponte a complaint such as this one which facially violates a bar to suit"); Ray v. Kertes, 285 F. 3d 287, 295 n.5 (3d Cir. 2002) (where "the plaintiff-prisoners explicitly conceded their failure to exhaust administrative remedies [on the face of the complaint, such] dismissals would thus fall within a district court's inherent power to dismiss sua sponte a complaint which facially violates a bar to suit").

assistance from another inmate or from institution staff in preparing a Request or an Appeal." 28 C.F.R. § 542.16(a). An inmate must generally attempt to informally resolve the issue first by presenting it to staff in a BP-8 form. See 28 C.F.R. § 542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative remedy form (BP-9). See 28 C.F.R. § 542.14. "The inmate shall obtain the appropriate form from . . . institution staff (ordinarily, the correctional counselor)," 28 C.F.R. § 542.14(c)(1), and he or she "shall date and sign the Request and submit it to the institution staff member designated to receive such Requests (ordinarily a correctional counselor)." 28 C.F.R. § 542.14(c)(4). The Warden must respond within a set time limit, but "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." See 28 C.F.R. § 542.18.

An inmate who is not satisfied with the Warden's response (or lack thereof) may submit an appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. See 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate form (BP-11) to the General Counselor within 30 calendar days of the date the Regional Director signed the response. Id. In

addition, "[a]ppeals to the Regional Director shall be submitted on the form designed for regional Appeals (BP-10) and accompanied by one complete copy or duplicate original of the institution Request and response.  Appeals to the General Counsel shall be submitted on the form designed for Central Office Appeals (BP-11) and accompanied by one complete copy or duplicate original of the institution and regional filings and their responses."  28 C.F.R. § 542.15(b)(1).  The regulation requires the inmate to mail the appeal to the Regional Director or to the National Inmate Appeals Administrator, Office of General Counsel.  See 28 C.F.R. § 542.15(c)(3).  Appeal to the General Counsel (BP-11) is the final administrative appeal.  See 28 C.F.R. § 542.15(a).

The regulations require the Regional Director to respond within 30 calendar days and the General Counsel to respond within 40 calendar days.  See 28 C.F.R. § 542.18.  If the inmate does not receive a response to his or her appeal within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level.  Id.

In this case, Plaintiff alleges that he submitted BP-9 forms at the institutional level regarding many of the issues raised in the Complaint.  Indeed, several completed BP-9 forms are attached to the Complaint as exhibits.  However, Plaintiff insists that he did not exhaust administrative remedies because (he mistakenly

believes) exhaustion is not required in his situation. Specifically, Plaintiff asserts:

> I gave the B.O.P. the opportunity to correct its mistakes, and its errors.  It didn't!  I am asserting a claim for damages only.  Because I can obtain no relief from the B.O.P., it would serve no purpose to require exhaustion of Administrative Remedies - which I made every effort to do - before coming into the courts.  As this court is well aware, it is improper for the federal courts to dismiss for lack of exhaustion in an action for money damages only by a federal inmate.

(Docket entry #1 at p. 13.)

However, the Supreme Court has expressly rejected the notion that the PLRA does not require exhaustion where only damages are sought.  As the Supreme Court emphasized in Woodford v. Ngo, 548 U.S. at 85, "a prisoner must now exhaust administrative remedies even where the relief sought - monetary damages - cannot be granted by the administrative process." (citing Booth v. Churner, 532 U.S. at 734).

Plaintiff states that counselor Thompson failed to provide the seven BP-9 forms which Plaintiff requested, but Plaintiff also asserts that he was able to use photocopies of the form. Plaintiff asserts that the Warden "has not responded back to my Administrative Remed(ies)" (docket entry #1 at p. 10), but nothing in the Complaint indicates that Plaintiff appealed the

8

Warden's failure to respond to any BP-9 request.[2]  Nor does Plaintiff assert that he attempted but was unable to obtain administrative appeal forms, or that officials otherwise prevented him from appealing the warden's failure to respond. Because exhaustion is mandatory and it is clear from the face of the Complaint that Plaintiff has not exhausted the BOP's three-step Administrative Remedy Program with respect to any of the issues raised in the Complaint, this Court will dismiss the Complaint without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

### III.   CONCLUSION

The Court will dismiss the Complaint without prejudice for failure to exhaust administrative remedies.

　　　　　　　　　　　　　　　　 /s/ NOEL L. HILLMAN
　　　　　　　　　　　　　　　**NOEL L. HILLMAN, U.S.D.J.**

Dated:   January 14, 2010

At Camden, New Jersey

---

[2] As previously stated, the BOP regulations provide that an inmate may consider the absence of a timely response to be a denial at that level.  See 28 C.F.R. § 542.18.  Thus, staff's failure to respond to Plaintiff's BP-8 (informal request) and BP-9 (request to warden) cannot excuse Plaintiff's failure to appeal to the Regional Director (BP-10) and the Central Office (BP-11).