UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| ROBERT R. OLESON, | : | Civil No. 09-5706 (NLH) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION** |
| BUREAU OF PRISONS, et al., | : | |
| Defendants. | : | |

IT APPEARING THAT:

1. On or about November 9, 2009, Robert R. Oleson, an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Complaint asserting that Fort Dix officials violated his constitutional rights by failing to replace his wheelchair, failing to relocate him to a unit wherein the unit team is located on the first floor, removing his shower shoes, blanket and other items from his cell, requiring him to wait in the outside dining line in a wheelchair in the rain, and deleting visitors from his visitor list.

2. By Order and Opinion entered January 14, 2010, this Court dismissed the Complaint without prejudice for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997(e)(a). This Court found that the face of the Complaint and Plaintiff's submissions established that Plaintiff failed to exhaust administrative remedies. Specifically, based on the following language in the Complaint (as well as the documents submitted by Plaintiff), the Court found that, while Plaintiff

submitted at least one BP-9 Request to the Warden, Plaintiff submitted no appeal to the Regional Director or to the General Counsel:

> I gave the B.O.P. the opportunity to correct its mistakes, and its errors.  It didn't!  I am asserting a claim for damages only.  Because I can obtain no relief from the B.O.P., it would serve no purpose to require exhaustion of Administrative Remedies - which I made every effort to do - before coming into the courts.  As this court is well aware, it is improper for the federal courts to dismiss for lack of exhaustion in an action for money damages only by a federal inmate.

(Docket entry #1 at p. 13.)

    3.  On January 29, 2010, Plaintiff filed a motion (Docket Entry #9) to reconsider dismissal of the Petition as unexhausted.  On February 8, 2010, Plaintiff filed a motion (Docket Entry #10) for an order directing defendants to provide administrative remedy/appeal forms upon request.  ==On April 14, 2010, Plaintiff filed a motion (Docket Entry #14) for injunctive relief enjoining Warden Zickefoose from imposing a rule requiring prisoners to travel from one point in the prison to another point within 10 minutes.==

<u>Motion for Reconsideration</u>

    4.  Local Civil Rule 7.1(i) provides that a motion for consideration "shall be served and filed within 10 business days after the entry of the order or judgment[.]"  A motion for reconsideration may be granted:  (1) to correct manifest errors

of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law.  See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F. 3d 1194, 1218 (3d Cir. 1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

    5.   In this case, Plaintiff's motion is timely, as it indicates that it was handed to prison officials for mailing on January 28, 2010.

    6.   This Court will grant Plaintiff's motion to reconsider the Order dismissing the Complaint as unexhausted because Plaintiff asserts that this Court misunderstood his statements in the Complaint with respect to exhaustion.  However, after reconsideration, this Court will again dismiss the Petition as unexhausted.

    7.   Plaintiff maintains in his motion for reconsideration that he appealed to the Regional Director by way of a six-page letter attached to his Complaint as Exhibit 1.

    8.   Exhibit 1 to the Complaint is a six-page letter dated August 28, 2009.  (Docket Entry #1-4 at pp. 2-7.)  The first page of the letter contains Plaintiff's return address at FCI Fort Dix, the date of August 28, 2009, and a salutation of "Dear Sir." (Id. at p. 2.)  The letter does not include the name or address

of the addressee, it is not labeled as a substitute BP-10 or as a Regional Administrative Appeal, and it does not specify what Administrative Remedy Request is being appealed. For example, the first paragraph of the letter reads:

> Dear Sir:
>
> There are a number of matters here at Fort Dix (West) that I would like to bring to your attention. But first I would like to give you a little background information about myself. I had a stroke a number of years ago and I lost my equ[i]librium and I have extremely limited use of my legs. On bad days I have trouble formulating whole sentences and expressing them. I get tremors and my left hand balls up into a fist. I have trouble with bladder control, etc.

(Docket Entry #1-4 at p. 2.)

    9. Even if the letter dated August 28, 2009, were properly addressed to the Northeast Regional Director, the letter describes 26 numbered problems, but it does not state when or if each issue was submitted to the Warden in a Request for Administrative Remedy. See 28 C.F.R. § 542.14(c)(2) ("The inmate shall place a single complaint or a reasonable number of closely related issues on the [request for administrative remedy] form")

    10. Moreover, the letter fails to comply with the regulation specifying that "[a]n inmate may not combine appeals of separate lower level responses . . . into a single appeal," 28 C.F.R. 542.15(b)(2), or the regulations stating that appeals to the Regional Director "shall be . . . accompanied by one complete

copy or duplicate original of the institution Request and response," 28 C.F.R. 542.15(b)(1).

11. This Court rejects Plaintiff's contention that he appealed to the Northeast Regional Director by way of the letter dated August 28, 2009.

12. Plaintiff also maintains that he appealed to the Northeast Regional Director by way of a letter dated October 21, 2009. (Docket Entry #1-4 at p. 11.) The October 21, 2009, letter is addressed to the Regional Director at the U.S. Department of Justice, 2nd & Chestnut Streets, Philadelphia, PA 19106, and it states that "[o]n August 28, 2009, I sent you a six (6) page letter in lieu of BP-10's because my counselor, Mr. Thompson, refused to give me the forms I requested. I asked that the complaints therein be construed as individual BP-10's." (Id.)

13. The October 21, 2009, letter does not itself appeal denial of a specific Request for Administrative Remedy. And the October 21, 2009, letter could not transform the letter dated August 28, 2009, into a Regional Administrative Remedy Appeal.

14. This Court rejects Plaintiff's contention that he appealed to the Northeast Regional Director by way of the letter dated October 21, 2009.

15. Because Plaintiff's submissions, as supplemented by his motion for reconsideration and attachments, show that he failed

5

to appeal the denial of administrative relief at the institutional level to the Northeast Regional Director, this Court will again dismiss the Complaint without prejudice for failure to exhaust the three-step Administrative Remedy Program.

Motion for Order Regarding Forms

16.  On February 8, 2010, Plaintiff filed a motion (Docket Entry #10) for "order requiring the staff at F.C.I. Fort Dix to provide prisoners with administrative remedy forms upon request." (Id. at p. 1.)  Plaintiff avers that he has been "continuously and systematically . . . denied Administrative Remedy forms by the staff at F.C.I. Fort Dix."  (Id.)

17.  Because this Court was not able to obtain copies of blank administrative remedy forms (BP-9, BP-10, and BP-11) from the website of the Bureau of Prisons, this Court was not able to attach copies of same for Plaintiff's use to this Memorandum Opinion.

18.  This Court makes no determination regarding Plaintiff's allegation that one or more officials at FCI Fort Dix refused to provide administrative remedy/appeal forms to Plaintiff. However, given that the regulations place the responsibility for oversight of the Administrative Remedy Program at the institutional level upon the Warden, this Court will grant Plaintiff's motion at Docket Entry #10 and direct Donna Zickefoose, Warden of FCI Fort Dix, to see to it that blank

administrative remedy forms (BP-9, BP-10, and BP-11) are readily available to Plaintiff (and all other inmates at FCI Fort Dix). <u>See</u> 28 C.F.R. § 541.11(a) (Warden is responsible for the operation of the Administrative Remedy Program at the institution); 28 C.F.R. 542.14(c)(1) (inmates shall obtain appropriate forms from institutional staff); 28 C.F.R. § 542.16(a) (inmates may obtain assistance from institutional staff in preparing a remedy request or appeal).

### Motion for Injunctive Relief

19.   On April 14, 2010, Plaintiff filed a motion for an ex parte injunction enjoining Warden Zickefoose from implementing "[t]he 'controlled move,' which is more commonly referred to as 'the ten minute move' [which] would require prisoners to travel from point 'A' to point 'B' in ten minutes, or be subject to disciplinary action." (Docket Entry #14 at p. 3.)  Plaintiff further states:

> Implementing "controlled moves" would essentially "bar" Plaintiff and dozens of other handicapped prisoners from access to the law library, and, in turn, the courts, as well as preventing Plaintiff from further litigating the case sub judice.  It would be next to impossible for most handicapped prisoners to go from their units to the education building within the ten minute time limit.

(Id.)

20.   Like the other claims raised by Plaintiff in this case, this challenge has not been administratively exhausted.

7

21.  In addition, even if said claim were exhausted, Plaintiff has not established irreparable harm or a probability of success on the merits of the claim.  See Winter v. Natural Resources Defense Council,    U.S.    ,    , 129 S. Ct. 365, 374 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,  that the balance of equities tips in his favor, and that an injunction is in the public interest") (citing Munaf v. Geren, 553 U.S. 674,    128 S. Ct. 2207, 2218-2219 (2008).

22.  This Court will deny the motion for an ex parte injunction.

23.  An appropriate Order accompanies this Opinion.

/s/ NOEL L. HILLMAN
**NOEL L. HILLMAN, U.S.D.J.**

Dated: AUGUST 18, 2010

At Camden, New Jersey