UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROBERT R. OLESON | : | |
| | : | No. 09-5706(NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| BUREAU OF PRISONS, et al., | : | |
| | : | |
| Defendants. | : | |

Appearances:

ROBERT R. OLESON
#07729051
FCI FORT DIX
P.O. BOX 2000
FORT DIX, NJ 08640
PRO SE

ELIZABETH ANN PASCAL
U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. ATTORNEY
401 MARKET STREET
P.O. BOX 2098
CAMDEN, NJ 08101
*Attorney for defendants Spaulding, Brown, Thompson, Donahue, Silver, Scarbrough, Espinoza, Castillo, and Warden Zickefoose*

**HILLMAN, District Judge**

　　IT APPEARING THAT:

　　1. Plaintiff filed an amended complaint, pro se, alleging deliberate indifference to his medical needs in violation of his constitutional rights.

　　2. Plaintiff filed a "motion in limine" requesting that the Court order defendants "Mr. Eichel and Ms. Palmisano" and an individual named "Mr. Curren" to preserve tires from plaintiff's

wheelchair that had become worn and had been replaced.

3. Plaintiff states in his motion that on August 25, 2010, he gave defendant Palmisano "two extremely used rear tires off [his] wheelchair" and an "Inmate Request to Staff form explaining to her that [the tires were] needed as evidence" in this matter.

4. Plaintiff also states that on March 3, 2011, he asked defendant Palmisano to send the used rear tires to the Court as evidence that his medical needs were not being met.

5. Plaintiff also states that on March 9, 2011 he sent defendant Eichel an "Inmate Request to Staff form asking him to have Ms. Palmisano respond to his IRTS in a timely manner."

6.  Plaintiff further states that an individual named Officer Yeoman refused to allow him to put air in his wheelchair tire and that because of Officer Yeoman's refusal the tire was damaged.

7.  Plaintiff does not allege that he was refused a new tire, only that he had been ordered by "Mr. Curren" to turn over the damaged tire which plaintiff wanted to have preserved as an exhibit to his civil action.

"Motion in Limine"

8. We construe plaintiff's motion in limine as a motion for the preservation of evidence.  The standard for preservation of evidence requires that a party who has reason to anticipate litigation has an affirmative duty to preserve evidence which

2

might be relevant to the issues in the lawsuit.  See Scott v. IBM Corp., 196 F.R.D. 233, 248 (D.N.J. 2000) (evidence must be relevant and it must be reasonably foreseeable that it would later be discoverable).

9. Based on plaintiff's amended complaint, there are no allegations that defendants Palmisano or Eichel were deliberately indifferent to plaintiff's medical needs due to the replacement of plaintiff's worn wheelchair tires.

10. Even if plaintiff requested to amend his complaint to add an allegation regarding the worn tires, such amendment would be futile.[1]  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (stating that Third Circuit case law "supports the notion that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile").

11. Based on the facts alleged by plaintiff, defendants provided him with new tires when his old tires became worn out.  By virtue of defendants replacing the tires, it can be assumed that the old tires were worn out or in disrepair.  Thus, there is no apparent dispute over the worn condition of the old tires.

---

[1] The Court notes that plaintiff filed an amended complaint after he filed the motion in limine.  Therefore, it is assumed that plaintiff included in his amended complaint all potential claims that he wishes to pursue.

12.   More importantly, the replacement of the worn tires shows that defendants were not indifferent to plaintiff's medical needs, but rather, addressed his medical needs by providing him with new wheelchair tires.

13. Therefore, the old tires are not relevant to plaintiff's claims and it is not reasonably foreseeable that the tires would later be discoverable since the replacement of plaintiff's worn wheelchair tires would undermine rather than support a claim of deliberate indifference to medical needs.

14. Likewise, plaintiff's statements that Officer Yeoman permitted his wheelchair tire to become damaged by refusing to allow him to put air in the tire do not support any claims in his amended complaint.

15. Officer Yeoman is not a defendant and plaintiff indicates in his reply that he does not wish to add him as a defendant.  Even so, any amendment to plaintiff's amended complaint to add Officer Yeoman would be futile because, based on the alleged facts in his motion, there is no evidence that the destroyed tire was not replaced.

16. Furthermore, in his reply, plaintiff concedes the government's point that "[b]eing given a new tire for a wheelchair so that it works does not demonstrate deliberate indifference to serious medical needs."

17. Accordingly, because the worn or damaged wheelchair

tires are not relevant to any claims in plaintiff's amended complaint, plaintiff's "motion in limine" requesting the preservation of the wheelchair tires as evidence will be denied.

An appropriate Order will be entered.

                                                  s/Noel L. Hillman
                                              NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Dated:   February 9, 2012